UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

CHARLES N. HODGE, )
)
    *Plaintiff*, )
v. ) No. 1:08-cv-230
) *Chief United States District Judge Collier*
BARRY ABBOTT, Attorney at Law )
)
    *Defendant*. )

## **MEMORANDUM**

Charles N. Hodge ("Hodge") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 3). Hodge claims his court-appointed attorney did not adequately represent him in his federal criminal case in the United States District Court, Eastern District of Tennessee (Winchester), Criminal Case Number 4:05-cr-27. Hodge seeks $2.5 million in compensatory damages and $3.5 million in punitive damages from Attorney Barry Abbott ("Attorney Abbott").

Initially, the Court observes Hodge is bringing this complaint against an attorney appointed to represent him pursuant to a federal statute. In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court held damage suits could be maintained against federal officials for violations of the Constitution. *Id*. at 392. An action under *Bivens* is almost identical to an action under § 1983, except the former is maintained against federal officials while the latter is against state officials. *See Carlson v. Green*, 446 U.S. 14, 24-25 (1980). Because a *Bivens* action against a federal officer is the federal equivalent to a § 1983 action, and *pro se* complaints are to be liberally construed, the Court construes Hodge's § 1983 complaint as a *Bivens* action.

However, for the reasons explained below, no service shall issue and this complaint will be

**DISMISSED** *sua sponte* (Court File No. 3).

I.      **Application to Proceed** *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Hodge that he is indigent and lacks sufficient financial resources at the present time to pay the required filing fee of $350.00.  Accordingly, the Clerk of Court is **DIRECTED** pursuant to 28 U.S.C. § 1915(b)(4) to file this action without the prepayment of costs and the filing fee.  Hodge, is not relieved of the ultimate responsibility of paying the $350.00 filing fee.  Since Hodge is an inmate or prisoner in custody at the Federal Correctional Institution in Memphis ("FCI-Memphis"), he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.  Hodge shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Hodge's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Ave., Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

>     (a)     twenty percent (20%) of the average monthly deposits to Hodge's inmate trust account; or
>
>     (b)     twenty percent (20%) of the average monthly balance in Hodge's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Hodge's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C.

§ 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Inmate Accounts at FCI-Memphis, and the Commissioner of the Federal Bureau of Prisons to ensure the custodian of Hodge's inmate trust account complies with the portion of the PLRA relating to payment of the filing fee.

The agency having custody of Hodge shall collect the filing fee as funds become available. This order shall become a part of Hodge's file and follow him if he is transferred to another institution. The agency having custody of Hodge shall continue to collect monthly payments from Hodge's prisoner account until the entire filing fee of $350.00 is paid.

The plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order.

## II. *Standard of Review*

### A. Pro Se Pleadings

All well-pleaded factual allegations contained in a complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007). Mere "labels and conclusion" will not do. *Id*. 127 S. Ct. at 1965. Moreover, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply

3

with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

      **B.**      **Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**III.**    **Facts**

Hodge filed this complaint alleging Attorney Barry Abbott ("Attorney Abbott"), his court-appointed attorney, failed to adequately represent him in his federal criminal case in the United States District Court, Eastern District of Tennessee (Winchester), Criminal Case Number 4:05-cr-27. Specifically, Hodge alleges that on April 24, 2008, in response to a Freedom of Information Act request, he received a copy of lab results from the Nashville Tennessee Crime Lab indicating there was "no drug amount or weight from the evidence that was submitted for test

4

results." (Court File No. 3). Hodge argues this document proves he is actually innocent of the drug charge to which he pleaded guilty. In addition, Hodge attacks counsel's failure to pursue a suppression hearing.

IV. Analysis

A. 42 U.S.C. § 1983 Claim and *Bivens* Claim

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992). To state a § 1983 claim, Hodge must allege sufficient facts that, if true, would establish the defendant deprived him of a right secured by the Constitution of the United States while he acted under color of law. *See Brock*, 94 F.3d at 244.

Similarly, to establish a *Bivens* claim, a "plaintiff must allege facts which show the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 Fed.Appx. 847, 850 (6th Cir. 2005), *available in* 2005 WL 1506229 (citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002).

B. Court Appointed Attorney Does Not Act Under Color of Law

Hodge brings suit for alleged legal malpractice against Attorney Abbott. Hodge complains about Attorney Abbott's representation of him in his criminal case in the United States District

Court in the Eastern Division of Tennessee. A court-appointed attorney, like any retained counsel, serves his client. Apparently Hodge is of the impression that a court-appointed attorney representing a client in the defense of a criminal charge in federal court is acting under color of federal law, within the meaning of *Bivens*. Hodge cites no authority and the Court does not find any which supports this view. To the contrary, courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *Id.*; *see also Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (attorney appointed by federal court is not a federal officer for purposes of a *Bivens*-type action); *United States ex rel. Simmons v. Ziblich,* 542 F.2d 259 (5th Cir. 1976) (A court-appointed defense attorney acting in a criminal case does not act under color of state law because no state action exists.); *Harkins v. Eldredge,* 505 F.2d 802 (8th Cir. 1974); *Page v. Sharpe,* 487 F.2d 567 (1st Cir. 1973); *Stewart v. Meeker,* 459 F.2d 669 (3d Cir. 1972); *Szijarto v. Legeman,* 466 F.2d 864 (9th Cir. 1972); *French v. Corrigan,* 432 F.2d 1211 (7th Cir. 1970); *Mulligan v. Schlachter,* 389 F.2d 231 (6th Cir. 1968); *Harris v. Ward,* 418 F.Supp. 660 (S.D.N.Y.1976).

The United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 49 (1988), (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Although Attorney Abbot is not a public defender, but rather is a court-appointed private attorney, the rule is likewise applicable to court-appointed private attorneys. Thus, Attorney Abbot is not suable in a § 1983 action or a *Bivens* action because a private attorney, despite the fact he has been appointed by the court, does not act under color of state or federal law for purposes of § 1983 or *Bivens*. *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (court-appointed

attorney representing criminal defendant does not act under color of state law). As the Supreme Court has observed, "[a] criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[] . . . and when representing an indigent defendant in a state criminal proceeding" *West v. Atkins*, 487 U.S. at 50, a criminal lawyer does not act under color of state law for purposes of § 1983 because, regardless of the fact he is appointed by the State, he is the State's adversary and not acting on the State's behalf. The same holds true for a criminal lawyer appointed by the government to represent an indigent defendant in a federal criminal proceeding. "[A]ttorneys are not transformed into federal officials for purposes of a *Bivens* action merely because they are appointed by a federal court pursuant to federal law." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). Thus, Attorney Abbott was not transformed into a federal official acting under color of federal law for purposes of *Bivens* because, even though he was appointed by a federal court pursuant to federal law, he did not act on the federal government's behalf; he was the federal government's adversary.

In summary, the Court concludes Hodge has failed to set forth any claims or facts entitling him to relief under 42 U.S.C. § 1983 or *Bivens*. Attorney Abbot did not act under color of state or federal law, and, therefore, Hodge has failed to state a claim under 42 U.S.C. §1983 or *Bivens*.

Accordingly, since the professional acts performed by Hodge's counsel cannot be considered acts done under color of federal authority, his complaint lacks an arguable basis in law and will be **DISMISSED** as frivolous, s*ee Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e)

A judgment order will enter **DISMISSING** Hodge's complaint in its entirety.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

7